*PRELIMINARY PRINT*

VOLUME 598 U. S. PART 2
PAGES 617–622

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

MAY 18, 2023

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published. Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D.C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

## GONZALEZ *v.* GOOGLE LLC

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 21–1333.   Argued February 21, 2023—Decided May 18, 2023

In 2015, Nohemi Gonzalez, a U. S. citizen, was killed in a set of coordinated terrorist attacks carried out across Paris, France, under the direction of the Islamic State of Iraq and Syria (ISIS).  Gonzalez's parents and brothers sued Google LLC under 18 U. S. C. § 2333(a) and (d)(2), alleging that Google was both directly and secondarily liable for the terrorist attack that killed Gonzalez.  With regard to their secondary-liability claims under § 2333(d)(2), plaintiffs alleged that Google aided and abetted and conspired with ISIS through ISIS' use of YouTube, which Google owns and operates.  The District Court dismissed plaintiffs' complaint for failure to state a claim, though it offered plaintiffs leave to amend their complaint.  Plaintiffs opted to appeal, and the Ninth Circuit affirmed in a consolidated opinion that the Court also addressed in *Twitter, Inc.* v. *Taamneh*, 598 U. S. 471.  With regard to this case, the Ninth Circuit held that most of plaintiffs' claims were barred by § 230 of the Communications Decency Act of 1996.  The sole exceptions were claims based on allegations that YouTube maintained a revenue-sharing system through which Google approved ISIS videos and shared revenue with ISIS; however, the court held that those allegations failed to state a viable claim in any event.  Plaintiffs sought review in this Court of the Ninth Circuit's application of § 230 but not of that court's holdings regarding the revenue-sharing claims.

*Held*: The Court declines to address the application of § 230 to a complaint that appears to state little, if any, plausible claim for relief.  The secondary-liability claims here are materially identical to those in the *Twitter* plaintiffs' complaint, and thus it appears to follow from the holding of that case that the complaint here fails to state a claim for aiding and abetting under § 2333(d)(2).  The remainder of plaintiffs' claims here may be barred by the Ninth Circuit's unchallenged holdings below.  Accordingly, the Court remands the case for the Ninth Circuit to consider plaintiffs' complaint in light of this Court's decision in *Twitter*. Pp. 619–622.

2 F. 4th 871, vacated and remanded.

*Eric Schnapper* argued the cause for petitioners.  With him on the briefs were *Robert J. Tolchin* and *Keith L. Altman.*

Counsel

*Deputy Solicitor General Stewart* argued the cause for the United States as *amicus curiae* urging vacatur. With him on the brief were *Acting Solicitor General Fletcher, Deputy Assistant Attorney General Granston, Caroline A. Flynn,* and *Daniel Tenny.*

*Lisa S. Blatt* argued the cause for respondent. With her on the brief were *Sarah M. Harris, Aaron Z. Roper, Michael W. McConnell, Steffen N. Johnson, Brian M. Willen, Lauren Gallo White, Cassandra Knight,* and *Nora Puckett.**

---

*Briefs of *amici curiae* urging reversal were filed for the State of Tennessee et al. by *Jonathan Skrmetti,* Attorney General of Tennessee, *Andrée Blumstein,* Solicitor General, *Gabriel Krimm,* Assistant Solicitor General, and *J. Matthew Rice,* and by the Attorneys General for their respective jurisdictions as follows: *Steve Marshall* of Alabama, *Treg R. Taylor* of Alaska, *Leslie Rutledge* of Arkansas, *Rob Bonta* of California, *Phil Weiser* of Colorado, *William Tong* of Connecticut, *Karl A. Racine* of the District of Columbia, *Lawrence G. Wasden* of Idaho, *Kwame Raoul* of Illinois, *Theodore E. Rokita* of Indiana, *Daniel Cameron* of Kentucky, *Jeff Landry* of Louisiana, *Maura Healey* of Massachusetts, *Keith Ellison* of Minnesota, *Lynn Fitch* of Mississippi, *Doug Peterson* of Nebraska, *John M. Formella* of New Hampshire, *Matthew J. Platkin* of New Jersey, *Letitia James* of New York, *Joshua H. Stein* of Pennsylvania, *Ellen F. Rosenblum* of Oregon, *Peter F. Neronha* of Rhode Island, *Alan Wilson* of South Carolina, *Mark Vargo* of South Dakota, *Susanne R. Young* of Vermont, and *Jason S. Miyares* of Virginia; for the State of Texas by *Ken Paxton,* Attorney General, *Brent Webster,* First Assistant Attorney General, *Judd E. Stone II,* Solicitor General, *Lanora C. Pettit,* Principal Deputy Solicitor General, *Bill Davis,* Deputy Solicitor General, and *Ryan S. Baasch* and *Kyle D. Highful,* Assistant Solicitors General; for the American Association for Justice by *Jeffrey R. White* and *Tad Thomas;* for America's Future et al. by *William J. Olson, Jeremiah L. Morgan, Robert J. Olson,* and *J. Mark Brewer;* for the Center for Renewing America, Inc., by *Andrei D. Popovici;* for the Counter Extremism Project et al. by *Kimberly R. Lambert Adams;* for the Cyber Civil Rights Initiative et al. by *Jeffrey A. Mandell* and *David P. Hollander;* for the Electronic Privacy Information Center by *Alan Butler;* for Former National Security Officials by *Mary B. McCord, pro se, Rupa Bhattacharyya,* and *Kelsi Brown Corkran;* for Free Speech for People by *Courtney Hostetler, Ronald A. Fein, John C. Bonifaz,* and *Ben T. Clements;* for the Institute for Free Speech et al. by *Endel Kolde, Alan Gura,* and *Adam Candeub, pro se;* for the National Center on Sexual Exploitation et al. by *Peter A. Gentala, Benjamin W. Bull,* and *Christen M. Price;*

PER CURIAM.

In 2015, ISIS terrorists unleashed a set of coordinated attacks across Paris, France, killing 130 victims, including

and for Sen. Josh Hawley by *Mr. Hawley, pro se.* *Jolina C. Cuaresma* filed a brief of *amici curiae* for Common Sense Media et al. urging vacatur.

Briefs of *amici curiae* urging affirmance were filed for ACT | The App Association by *Brian E. Scarpelli*; for the American Action Forum by *Steven A. Engel, Michael H. McGinley,* and *Christopher J. Merken*; for the American Civil Liberties Union et al. by *Jennifer Stisa Granick, David D. Cole,* and *Jennesa Calvo-Friedman*; for the Anti-Defamation League by *Steven M. Freeman*; for Article 19: Global Campaign for Free Expression and International Justice at the University of California, Irvine School of Law by *Robert P. Latham* and *Marc Fuller*; for the Authors Alliance et al. by *Benjamin W. Berkowitz* and *Steven A. Hirsch*; for Automattic Inc. by *Mark A. Lemley* and *Joseph C. Gratz*; for the Bipartisan Policy Center by *Lynn B. Oberlander*; for the Cato Institute et al. by *Anastasia P. Boden*; for the Center for Democracy & Technology et al. by *Gregory Nojeim*; for the Center for Growth and Opportunity et al. by *Andrew C. Nichols*; for the Chamber of Commerce of the United States of America by *Michael R. Dreeben, Jason Zarrow,* and *Anton Metlitsky*; for the Chamber of Progress et al. by *Robert Corn-Revere, Adam S. Sieff,* and *Ambika Kumar*; for the Computer & Communications Industry Association et al. by *William M. Jay, Matthew Schruers, Alexandra Sternburg,* and *Carl Szabo*; for Craigslist, Inc., by *Peter Karanjia* and *Ilana H. Eisenstein*; for the Developers Alliance by *James H. Hulme* and *Bruce Gustafson*; for the Electronic Frontier Foundation et al. by *Aaron Mackey* and *Sophia Cope*; for Information Science Scholars by *Michael S. Kwun*; for the Internet Infrastructure Coalition by *Andrew P. Bridges* and *Todd R. Gregorian*; for Internet Law Scholars by *Michael J. Gottlieb, Aaron E. Nathan,* and *Eugene Volokh, pro se*; for the Internet Society by *Raechel Keay Kummer*; for Internet Works et al. by *John F. Bash, Andrew H. Schapiro, Margret Caruso,* and *Rachel Herrick Kassabian*; for the Knight First Amendment Institute at Columbia University by *Scott Wilkens, Alex Abdo,* and *Jameel Jaffer*; for the Marketplace Industry Association et al. by *Albert Giang*; for Meta Platforms, Inc., by *Paul D. Clement, Erin E. Murphy, Jennifer Newstead, Theodore J. Boutrous, Jr., Amir C. Tayrani, Russell B. Balikian, Allyson N. Ho,* and *Brad G. Hubbard*; for Microsoft Corp. by *E. Joshua Rosenkranz, Rachel G. Shalev,* and *Eric A. Shumsky*; for National Security Experts by *Christopher J. Wright* and *John R. Grimm*; for the NYU Stern Center for Business and Human Rights by *Jonathan Y. Ellis*; for the Product Liability Advisory Council, Inc., by *Andrew J. Pincus* and *Archis A. Parasharami*; for the Progres-

Per Curiam

Nohemi Gonzalez, a 23-year-old U. S. citizen.[1] Gonzalez's parents and brothers then sued Google LLC, under 18

sive Policy Institute by *Roy T. Englert, Jr.*, and *Jeffrey C. Thalhofer*; for Public Knowledge by *Harold Feld*; for the Reason Foundation by *Erik S. Jaffe* and *Manuel S. Klausner*; for Reddit, Inc., et al. by *Michael R. Huston*; for the Reporter's Committee for Freedom of the Press et al. by *David A. O'Neil* and *Bruce D. Brown*; for Scholars of Civil Rights and Social Justice by *Paul W. Hughes* and *Andrew Lyons-Berg*; for the Software & Information Industry Association by *Tod Cohen* and *Christopher A. Mohr*; for Tech-Freedom by *Corbin K. Barthold*; for the Trust & Safety Foundation by *Mark W. Brennan*; for Twitter, Inc., by *Seth P. Waxman, Patrick J. Carome, Ari Holtzblatt, Claire H. Chung,* and *Rishita Apsani*; for the Washington Legal Foundation by *John M. Masslon II* and *Cory L. Andrews*; for the Wikimedia Foundation by *Kathleen R. Hartnett*; for Yelp Inc., by *Anna-Rose Mathieson*; for ZipRecruiter, Inc., et al. by *Roman Martinez* and *Charles S. Dameron*; for Eric Goldman by *Venkat Balasubramani*; for Ginger Zhe Jin et al. by *Scott A. Keller, Steven P. Lehotsky,* and *Drew F. Waldbeser*; and for Sen. Ron Wyden et al. by *Ginger D. Anders* and *Donald B. Verrilli, Jr.*

Briefs of *amici curiae* were filed for Child USA by *Marci A. Hamilton*; for the Children's Advocacy Institute at the University of San Diego School of Law by *Edward P. Howard* and *Karl M. Manheim*; for the CITP Tech Policy Clinic by *Jeremy S. Spiegel*; for Economists by *Jennifer B. Tatel*; for Fairplay by *Angela J. Campbell*; for Free Press Action by *Kevin K. Russell* and *Erica Oleszczuk Evans*; for the Giffords Law Center to Prevent Gun Violence by *Benjamin D. Battles, Agatha M. Cole,* and *J. Adam Skaggs*; for the Integrity Institute et al. by *Jim Davy*; for the Lawyers' Committee for Civil Rights Under Law et al. by *Damon Hewitt, Jon Greenbaum, Dariely Rodriguez,* and *David Brody*; for the Liberty Justice Center by *Daniel R. Suhr*; for the National Police Association, Inc., et al. by *James Bopp, Jr.,* and *Richard E. Coleson*; for Seattle School Dist. No. 1 et al. by *Derek W. Loeser, Benjamin B. Gould,* and *Gregory C. Narver*; for the Zionist Organization of America et al. by *Susan B. Tuchman* and *Clifford A. Rieders*; for Tawainna Anderson et al. by *Larry Bendesky* and *Jeffrey P. Goodman*; for Sen. Ted Cruz et al. by *C. Boyden Gray, R. Trent McCotter, Jonathan Berry,* and *Gene P. Hamilton*; for Maj. Gen. Tamir Hayman et al. by *David Jaroslawicz*; for M. Chris Riley et al. by *Catherine R. Gellis*; and for Rick Santorum et al. by *Gene C. Schaerr, Donald M. Falk, H. Christopher Bartolomucci, Hannah C. Smith,* and *Kathryn E. Tarbert.*

[1] "ISIS" is shorthand for the Islamic State of Iraq and Syria. In some form or another, it has been designated a Foreign Terrorist Organization since 2004; ISIS has also been known as the Islamic State of Iraq and the Levant, al Qaeda in Iraq, and the al-Zarqawi Network.

U. S. C. §§ 2333(a) and (d)(2), alleging that Google was both directly and secondarily liable for the terrorist attack that killed Gonzalez.[2]   For their secondary-liability claims, plaintiffs alleged that Google aided and abetted and conspired with ISIS.   All of their claims broadly center on the use of YouTube, which Google owns and operates, by ISIS and ISIS supporters.

The District Court dismissed plaintiffs' complaint for failure to state a claim, though it offered plaintiffs leave to amend their complaint.   Instead, plaintiffs stood on their complaint and appealed, and the Ninth Circuit affirmed in a consolidated opinion that we also addressed in *Twitter, Inc.* v. *Taamneh*, 598 U. S. 471 (2023).   2 F. 4th 871 (2021).   With respect to this case, the Ninth Circuit held that most of the plaintiffs' claims were barred by § 230 of the Communications Decency Act of 1996, 110 Stat. 137, 47 U. S. C. § 230(c)(1). The sole exceptions were plaintiffs' direct- and secondary-liability claims based on allegations that Google approved ISIS videos for advertisements and then shared proceeds with ISIS through YouTube's revenue-sharing system.   The Ninth Circuit held that these potential claims were not barred by § 230, but that plaintiffs' allegations failed to state a viable claim in any event.

_____

[2] Title 18 U. S. C. § 2333(a) provides: "Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees."   Section 2333(d)(2) provides: "In an action under subsection (a) for an injury arising from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U. S. C. 1189), as of the date on which such act of international terrorism was committed, planned, or authorized, liability may be asserted as to any person who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism."

Per Curiam

We granted certiorari to review the Ninth Circuit's application of § 230. See 598 U. S. —— (2022). Plaintiffs did not seek review of the Ninth Circuit's holdings regarding their revenue-sharing claims. In light of those unchallenged holdings and our disposition of *Twitter*, on which we also granted certiorari and in which we today reverse the Ninth Circuit's judgment, it has become clear that plaintiffs' complaint—independent of § 230—states little if any claim for relief. As plaintiffs concede, the allegations underlying their secondary-liability claims are materially identical to those at issue in *Twitter*. See Tr. of Oral Arg. 58. Since we hold that the complaint in that case fails to state a claim for aiding and abetting under § 2333(d)(2), it appears to follow that the complaint here likewise fails to state such a claim. And, in discussing plaintiffs' revenue-sharing claims, the Ninth Circuit held that plaintiffs plausibly alleged neither that "Google reached an agreement with ISIS," as required for conspiracy liability, nor that Google's acts were "intended to intimidate or coerce a civilian population, or to influence or affect a government," as required for a direct-liability claim under § 2333(a). 2 F. 4th, at 901, 907. Perhaps for that reason, at oral argument, plaintiffs only suggested that they should receive leave to amend their complaint if we were to reverse and remand in *Twitter*. Tr. of Oral Arg. 58, 163.

We need not resolve either the viability of plaintiffs' claims as a whole or whether plaintiffs should receive further leave to amend. Rather, we think it sufficient to acknowledge that much (if not all) of plaintiffs' complaint seems to fail under either our decision in *Twitter* or the Ninth Circuit's unchallenged holdings below. We therefore decline to address the application of § 230 to a complaint that appears to state little, if any, plausible claim for relief. Instead, we vacate the judgment below and remand the case for the Ninth Circuit to consider plaintiffs' complaint in light of our decision in *Twitter*.

*It is so ordered.*

REPORTER'S NOTE

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports.  The revised pagination makes available the official United States Reports citation in advance of publication.  The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court.  A list of counsel who argued or filed briefs in this case, and who were members of the bar of this Court at the time this case was argued, has been inserted following the syllabus.  Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation.  The following additional edits were made:

p. 617, line 12, "that also" is replaced with "that the Court also"
p. 617, line 13, "*Twitter*" is replaced with "in *Twitter*"
p. 621, line 12, "that also" is replaced with "that we also"
p. 621, line 12, "addressed *Twitter*" is replaced with "addressed in *Twitter*"