NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY COPELAND, individually and on behalf of the Estate of Sean Copeland and the Estate of Brodie Copeland, | No.    18-17327 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05851-WHO |
| v. | MEMORANDUM* |
| TWITTER, INC.; FACEBOOK, INC.; GOOGLE, LLC, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

| | |
|---|---|
| DANELLE SINCLAIR, as Guardian Ad Litem for A. Tucker and O. Tucker; ISABELLA TUCKER, | No.    19-15625 |
| Plaintiffs-Appellants, | D.C. No. 4:17-cv-05710-SBA |
| v. | |
| TWITTER, INC.; GOOGLE, LLC; FACEBOOK, INC., | |
| Defendants-Appellees. | |

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

| | |
|---|---|
| MANDY PALMUCCI,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>TWITTER, INC.; GOOGLE, LLC;<br>FACEBOOK, INC.,<br><br>     Defendants-Appellees. | No. 19-15937<br><br>D.C. No. 3:18-cv-03947-WHO |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted March 29, 2024[**]
San Francisco, California

Before:  PAEZ, WALLACH,[***] and NGUYEN, Circuit Judges.

In these consolidated appeals, Kimberly Copeland, Danielle Sinclair,

Isabella Tucker, and Mandy Palmucci (collectively "Plaintiffs-Appellants") appeal

the district courts' dismissals of their actions against Twitter, Inc., Google LLC,

---

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

18-17327

and Facebook, Inc. (collectively, "Defendants-Appellees"[1]). Plaintiffs-Appellants seek remands to amend their respective operative complaints in light of the Supreme Court's decisions in *Gonzalez v. Google LLC*, 598 U.S. 617 (2023) (per curiam), and *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). *See* Fed. R. Civ. P. 15(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The court concludes *de novo* that amending the operative complaints would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiffs-Appellants fail to allege the third element for aiding and abetting liability under 18 U.S.C. § 2333(d), that Defendants-Appellees "gave such knowing and substantial assistance to ISIS that they culpably participated" in the terrorist acts, *Taamneh*, 598 U.S. at 497 (applying the legal framework set forth in *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)). Each district court properly considered[2] this dispositive third element. *See id.* at 503–07. Plaintiffs-Appellants

---

[1]     The names used by the parties in their filings are retained here, although the court acknowledges that Twitter, Inc. has merged into X Corp. and Facebook, Inc. is known as Meta Platforms, Inc. *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 479 n.3 (2023).

[2]     *See Copeland v. Twitter, Inc.*, 352 F. Supp. 3d 965, 975–76 (N.D. Cal. 2018) (applying *Halberstam*'s framework); *Sinclair ex rel. Tucker v. Twitter, Inc.*, No. C 17-5710 SBA, 2019 WL 10252752, at *5–6 (N.D. Cal. Mar. 20, 2019) (same); *Palmucci v. Twitter Inc.*, No. 18-cv-03947-WHO, 2019 WL 1676079, at *4 (N.D. Cal. Apr. 17, 2019) ("[Appellant Palmucci] was given an opportunity to explain why – in light of the caselaw identified above – her case should continue. She declined, essentially admitting that no additional facts could be alleged that might state her claims under the ATA or state law." (noting reliance on analysis from *Copeland* and *Fields v. Twitter, Inc.*, 881 F.3d 739 (9th Cir. 2018))).

proffer no arguments that any of the district courts either erred in dismissing claims or abused its discretion in denying leave to amend.

**AFFIRMED.**